IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FOTIS YARUFALIE and CHELSEA WALTERS, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 1:14-CV-04014-RWS |
| STEAK 'N SHAKE CORPORATION, | : : : : |
| Defendant. | |

## ORDER

This case comes before the Court on Defendant Steak 'n Shake Operations, Inc.'s Motion for Summary Judgment [15] and Joint Motion to Amend Complaint and Extend Discovery [16]. After reviewing the record, the Court enters the following Order.

### Background

This personal injury action arises out of a robbery at a restaurant operated by Defendant Steak 'n Shake Operations, Inc. ("SnS").[1] The robbery at issue in this case occurred on June 28, 2014 at around 4:00 AM at the Steak

---

[1] Steak 'n Shake Operations, Inc. is incorrectly named as "Steak 'n Shake Corporation" in the Complaint. (Compl., Ex. A to Notice of Removal, Dkt. [1] at 1.)

'n Shake restaurant at 3380 Northside Parkway, Atlanta, Georgia. (Def.'s Statement of Material Facts ("SMF"), Dkt. [15-3] ¶¶ 1-3.) Plaintiffs Fotis Yarufalie and Chelsea Walters, along with their companions, visited the Steak 'n Shake. Just after they were served the meals they ordered, two or three masked individuals robbed the restaurant. (Def.'s SMF, Dkt. [15-3] ¶¶ 1-3; Walters Dep., Dkt. [22] at 39.) Plaintiffs themselves were not targeted; however, one of the robbers approached Plaintiff Walters, brushing his boot against Plaintiff's arm, and demanded cash from the server who was sitting on the floor next to Plaintiff Walters. (Def.'s SMF, Dkt. [15-3] ¶¶ 6, 10; Pls.' Resp. to Def.'s Statement of Material Facts ("Pls.' SMF"), Dkt. [20-1] ¶ 8.) In addition, Plaintiff Yarufalie was nudged by one of the robbers. (Def.'s SMF, Dkt. [15-3] ¶ 19.) The entire robbery lasted less than two minutes. (Id. ¶ 11.) The Plaintiffs never paid for the food that they ordered. (Yarufalie Dep., Dkt. [23] at 14; Walters Dep., Dkt. [22] at 39.)

According to Plaintiff, the lights in the restaurant "were dim and the restaurant was not properly lighted and some lights were not working." (Pls.' SMF, Dkt. [20-1] ¶ 4.) Neither Plaintiff Walters nor Plaintiff Yarufalie was physically injured during the robbery. (Def.'s SMF, Dkt. [15-3] ¶¶ 13, 20-22.)

2

However, Plaintiffs claim to have sustained post-traumatic stress disorder and pain and suffering as a result of the robbery. (Id. ¶ 15.)  Neither Plaintiff sought nor received any medical, psychiatric, psychological, or mental health treatment or counseling to address mental or physical injuries caused by the robbery.  (Id. ¶¶ 16-17, 24.)

Plaintiffs brought this negligence action in the Superior Court of Fulton County against Defendant SnS.  (Compl., Ex. A to Notice of Removal, Dkt. [1].)  Defendant removed the action to this Court.  (Notice of Removal, Dkt. [1] at 1.)  Plaintiffs allege that Defendant failed to exercise reasonable care to render its premises safe for Plaintiffs by negligently maintaining, inspecting, securing, patrolling, and managing the premises.  (Compl., Ex. A to Notice of Removal, Dkt. [1] ¶¶ 9, 11.)  According to Plaintiffs, Defendant had actual and constructive knowledge of prior criminal activity similar to the robbery at issue at the restaurant and in the surrounding neighborhood, but failed to implement appropriate security measures.  (Id. ¶¶ 12-13.)  Plaintiffs further contend that Defendant's negligence was the cause in fact and proximate cause of Plaintiffs' injuries.  (Id. ¶ 15.)

Defendant moves for summary judgment.  The Court now takes up its

motion.

## Discussion

### I.     Defendant's Motion for Summary Judgment [15]

#### A.     Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

5

B.  Analysis

Defendant argues that it is entitled to judgment as a matter of law on Plaintiffs' negligence claim for three reasons: (1) because it had no duty to protect Plaintiff against unforeseeable crimes, (2) even if it did have such a duty and breached that duty by failing to improve security, any such failure did not cause Plaintiffs' injuries, and (3) Plaintiffs suffered no physical or pecuniary damages.  (Def.'s Br. in Supp. of Mot. for Summ. J., Dkt. [15-1] at 10, 11, 17-21.)  For the reasons that follow, the Court agrees that Defendant is entitled to summary judgment.

In Georgia, the essential elements of a cause of action for negligence are: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury.  Morton v. Horace Mann Ins. Co., 639 S.E.2d 352, 355 (Ga. Ct. App. 2006) (citations and quotations omitted).  "To establish a negligence claim, a plaintiff must come forward with specific facts establishing the elements of negligence as to each defendant, and may not rest upon generalized allegations."  Piedmont Hosp., Inc. v. Reddick, 599 S.E.2d 20, 26 (Ga. Ct. App. 2004).  Negligence "may not be presumed, but must be affirmatively proven, and in the absence of such proof, we must

6

presume performance of duty and freedom from negligence." Davis v. Sykes, 593 S.E.2d 859, 860 (Ga. Ct. App. 2004) (citations and quotations omitted).

Defendant argues that Plaintiffs' claims must fail as a matter of law because it had no duty, Plaintiffs have failed to come forward with sufficient evidence to establish causation, and Plaintiffs suffered no injury. (Def.'s Br. in Supp. of Mot. for Summ. J., Dkt. [15-1] at 10, 11, 17-21.) Without deciding whether Georgia law imposed a duty or whether Plaintiffs can establish causation, the Court agrees with Defendant that Plaintiffs' claims must fail because they cannot establish that they suffered either a physical or pecuniary injury.

Plaintiffs seek to recover for emotional distress and mental pain and suffering due to Defendant's negligence. (Compl., Ex. A to Notice of Removal, Dkt. [1] ¶ 6.) Recovery for emotional distress and mental pain and suffering hinges on whether Plaintiffs satisfy Georgia's impact rule. See Clarke v. Freeman, 692 S.E.2d 80, 84 (Ga. Ct. App. 2010) ("Georgia applies the impact rule to cases in which a party seeks to recover for emotional distress in a claim involving negligent conduct."). The impact rule has three elements:

(1) a physical impact to the plaintiff; (2) the physical impact

7

causes physical injury to the plaintiff; and (3) the physical injury to the plaintiff causes the plaintiff's mental suffering or emotional distress.

Id.

Plaintiffs have failed to point to evidence in the record that would allow a reasonable trier of fact to find Plaintiffs met the elements of the impact rule. First, while there was a physical impact to both Plaintiffs, the impact did not cause any physical injuries. One of the robbers brushed his foot against Plaintiff Walters. (Def.'s SMF, Dkt. [15-3] ¶ 10; Pls.' SMF, Dkt. [20-1] ¶ 8.) Plaintiff Yarufalie was nudged by one of the robbers. (Def.'s SMF, Dkt. [15-3] ¶ 19.) But neither Plaintiff suffered any injury as a result of the impact. (Def.'s SMF, Dkt. [15-3] ¶ 13, 20-21; Pls.' SMF, Dkt. [20-1] ¶ 13, 20-21.) Because neither Plaintiff experienced injuries caused by a physical impact, they cannot recover under the physical impact rule.

Next, Plaintiffs contend that, despite the absence of a physical impact that caused a physical injury to Plaintiffs, they can recover under the pecuniary loss exception to the impact rule. (Pls.' Opp'n to Def.'s Mot. for Summ. J., Dkt. [20] at 10.) The pecuniary loss exception supports a claim for damages for emotional distress where the pecuniary loss occurs "as a result of a tort

8

involving an injury to the person even though this injury may not be physical." Oliver v. McDade, 772 S.E.2d 701, 702 (Ga. 2015); Shores v. Modern Transp. Servs., Inc., 585 S.E.2d 664, 665 (Ga. Ct. App. 2003) (explaining that to recover under the pecuniary loss exception, a plaintiff must provide evidence of an "injury to property where plaintiff showed resulting pecuniary loss upon mental injury to the plaintiff caused by a tort").

In Shores, for example, the plaintiff witnessed a train collide with a tractor trailer and, though he suffered no physical injuries, claimed that he suffered post-traumatic stress disorder "manifested by dreams, flashbacks, an episode of incontinence . . . and panic attacks." Id. But because the plaintiff could not show an "injury to property resulting in pecuniary loss to him," caused by his non-physical injury, the court found the plaintiff had not satisfied the requirements of the pecuniary loss rule. Id.

Plaintiff Yarufalie claims in an affidavit that he suffered a pecuniary loss because he lost "$15.00 due to the armed robbery and the defendant not allowing [him] to re-enter their premises to collect [his] food after the robbery." (Yarufalie Aff., Dkt. [20-3] at 2.) Plaintiff Walters claims in an affidavit that she suffered a pecuniary loss since she "lost about $20.00 because of the armed

9

robbery and the defendant not allowing [her] to re-enter their premises to collect [her] food or receive a refund after the robbery." (Walters Aff., Dkt. [20-2] at 2.)

The Court finds that Plaintiffs' affidavits do not create an issue of material fact as to the question of pecuniary loss. "When a party has given clear answers to unambiguous questions which negate the existence of any issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984). In Plaintiff Yarufalie's deposition testimony, when asked who paid for the meal at Steak 'n Shake, he replied "[n]obody" and went on to say "[w]e got robbed and we just left." (Yarufalie Dep., Dkt. [23] at 14.) Similarly, in Plaintiff Walters' deposition testimony, when asked whether she paid for her meal, she responded that "[w]e didn't get a chance to. We had literally just had our food served" when the robbery occurred. (Walters Dep., Dkt. [22] at 39.)

In their depositions, Plaintiffs were asked clear questions to which they provided clear answers. They have not explained why their affidavits

10

contradict their testimony. Thus, the Court disregards Plaintiffs' affidavits and relies on Plaintiffs' deposition testimony. The deposition testimony indicates that Plaintiffs suffered no pecuniary loss. Therefore, the pecuniary loss exception to the impact rule is unavailable to Plaintiffs.

As such, Plaintiffs' evidence is insufficient to create a genuine issue of material fact as to injury and Defendant is entitled to summary judgment. See Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than show there is some metaphysical doubt as to the material facts").

Accordingly, the Court concludes that no reasonable trier of fact could find, based on the evidence in the record, that Plaintiffs suffered an injury. The Court does not make any findings as to whether Defendant's owed Plaintiffs a duty or caused injury to Plaintiffs. But because Plaintiffs' claims fail as a matter of law on injury, an essential element of negligence, Defendant's Motion for Summary Judgment is **GRANTED**.

## II.   Joint Motion to Amend Complaint and Extend Discovery [16]

In light of the Court's ruling above, no claims remain against Defendant. Accordingly, Plaintiffs' Joint Motion to Amend Complaint and Extend

Discovery[2] is **DENIED as moot**.

## Conclusion

In accordance with the foregoing, Defendant Steak 'n Shake Operations, Inc.'s Motion for Summary Judgment [15] is **GRANTED**. Plaintiffs' Joint Motion to Amend Complaint and Extend Discovery [16] is **DENIED as moot**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED**, this 31st day of March, 2016.

_____
**RICHARD W. STORY**
United States District Judge

---

[2] While this motion is styled as a "joint" motion, Defendant filed a Response and Objections to the joint motion submitted by Plaintiffs.